UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
:
MYRON C. CHAPLIN,                                  :
                                                   :
    Plaintiff,                                 :
                                                   :
    v.                                          :    **Before: Judith M. Barzilay, Senior Judge**[*]
                                                   :    **No. 10-CV-05711**
KIDO INDUSTRIAL CO., LTD.,                         :
                                                   :
    Defendant.                                  :
                                                   :
---------------------------------------------------x

## OPINION & ORDER

**BARZILAY, Judge:** This personal injury action requires the court first to determine whether it may assert personal jurisdiction over Defendant Kido Industrial Co., Ltd. ("Kido"), a business incorporated in the Republic of Korea that supplies certain assembly and manufacturing services to sales and distribution entities. Kim Decl. 1-2. Kido has filed a motion to dismiss, alleging that the court cannot exercise personal jurisdiction over the company because it lacks the requisite minimum contacts with the State of New York to satisfy the state long-arm statute and due process requirements of the Fourteenth Amendment. Def.'s Mot. to Dismiss 3-17. Plaintiff Myron C. Chaplin ("Chaplin") counters that the presence of sixty-six independent in-state dealerships selling products made by Defendant's allegedly wholly-owned subsidiary – Scorpion Sports, Inc. ("Scorpion Sports") – provides the necessary contacts with New York to confer personal jurisdiction over Kido and that, in any event, the court should permit Chaplin to conduct

---

[*] The Honorable Judith M. Barzilay, Senior Judge, United States Court of International Trade, sitting by designation.

jurisdictional discovery. Pl.'s Mem. in Opp'n 2-9. Because Plaintiff does not make a *prima facie* showing of personal jurisdiction, the court grants Defendant's motion and denies Chaplin's request to conduct jurisdictional discovery.

## I. Procedural History

Chaplin suffered several severe injuries as a result of a motor vehicle accident in New York on May 24, 2007. At the time of the incident, Chaplin wore a Harley Davidson Men's FXRG Nylon Riding Jacket, an article he purchased five years earlier at a sporting goods store in Pennsylvania. Compl. ¶ 2; Bhimani Decl. Ex. C. at 3. During discovery in a related state court proceeding,[1] Plaintiff learned that Defendant allegedly designed and manufactured the jacket and he subsequently filed this separate suit against Kido. Compl. ¶¶ 11-13, 17; Pl.'s Mem. in Opp'n 1. In his complaint, Chaplin contends that defects inherent in the reflective portion of the jacket directly caused his injuries and advances theories of gross negligence, breach of express and implied warranties, and strict liability against Kido. Compl. ¶¶ 21, 29, 35. The parties timely removed the case to this Court in July 2010. Defendant's Motion to Dismiss followed.

## II. Subject Matter Jurisdiction & Standard of Review

The court's subject matter jurisdiction over this suit rests on the diversity of the parties. 28 U.S.C. § 1332(a)(2). Plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). When the court faces a motion to dismiss for lack of personal jurisdiction prior to discovery, plaintiff need make only a *prima facie* showing of personal jurisdiction to defeat the motion.

---

[1] Plaintiff filed the companion case in the New York State Supreme Court, Orange County against other entities that allegedly contributed to his injuries. Pl.'s Mem. in Opp'n 1.

No. 10-CV-05711                                                                                              Page 3

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (citation omitted). In relying upon pleadings and affidavits to reach a decision, the court construes the documents in the light most favorable to the plaintiff. *CutCo Indus., Inc.*, 806 F.2d at 365.

Generally, federal courts presiding over diversity suits "apply state law in deciding substantive questions and federal law in deciding procedural ones." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 183 (2d Cir. 1998); *accord Hanna v. Plumer*, 380 U.S. 460, 465 (1965). However, in a federal diversity suit involving a foreign corporate defendant, the court applies the law of the forum state to decide the question of personal jurisdiction. *Jazini*, 148 F.3d at 183-84 (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)); *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990). If the relevant state statute reveals that the court possesses personal jurisdiction over the defendant, the court must then examine whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment. *Savin*, 898 F.2d at 306.

### III. Discussion

#### A. The Court Does Not Have Personal Jurisdiction Over Defendant

Section 302 of the New York Civil Practice Law and Rules delineates the circumstances under which a state court may exercise personal jurisdiction over a non-domiciliary defendant. N.Y. C.P.L.R. § 302(a) (McKinney 2008). Chaplin contends that Kido committed certain conduct sufficient to establish personal jurisdiction under three separate provisions of Section 302. Compl. ¶¶ 6-9; Pl.'s Mem. in Opp'n 4-6. First, as Chaplin initially argues, the court may

assert jurisdiction if a defendant transacts business within the state or contracts to supply goods or services in the state. § 302(a)(1). The exercise of jurisdiction under this category applies when a defendant has engaged in a purposeful business transaction in New York and the plaintiff's claim arises from that particular undertaking. *See Fischbarg v. Doucet*, 9 N.Y.3d 375, 380, 880 N.E.2d 22, 26-27 (N.Y. 2007); *accord Exec. Life Ltd. v. Silverman*, 68 A.D.3d 715, 716-17, 890 N.Y.S.2d 106, 108 (N.Y. App. Div. 2009). Chaplin does not identify the particular Kido transaction giving rise to his claim and instead unhelpfully couches legal formulas and conclusions as factual allegations. Compl. ¶ 9; Pl.'s Mem. in Opp'n 4. The Supreme Court has held that such unsupported statements do not constitute valid factual assertions, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *accord Jazini*, 148 F.3d at 185, and the court declines to view them differently in this proceeding. Plaintiff provides no evidence of specific business transactions or contracts to supply goods or services within the state that would confer jurisdiction over Kido under Section 302(a)(1). *See Carpino v. Nat'l Store Fixtures, Inc.*, 275 A.D.2d 580, 581, 712 N.Y.S.2d 684, 686 (N.Y. App. Div. 2000).

Chaplin offers two additional reasons for the court to exercise jurisdiction over Kido. Where a plaintiff suffers an injury in New York as a result of the defendant's purportedly out-of-state tortious act, as in this action, the court may establish jurisdiction if the defendant regularly conducts, solicits, or engages in any persistent business in New York, or derives substantial revenue from goods used or consumed or services rendered in New York. § 302(a)(3)(i). Alternatively, the defendant also may fall under the court's jurisdiction if he expects or should

reasonably expect the out-of-state tortious act to have consequences in the state and derives substantial revenue from interstate or international commerce. § 302(a)(3)(ii).

Chaplin has failed to present sufficient facts showing that Kido regularly conducts or solicits business in New York, or engages in a persistent course of conduct in the state under Section 302(a)(3)(i). Plaintiff points to a statement on Kido's website that purportedly indicates the company has acquired a 40% share of the motorcycle clothing market in the United States. Pl.'s Mem. in Opp'n 3, 5, Ex. A at 1. However, a close reading of the relevant data reveals that it pertains to Kido's combined share of the United States, European, and Japanese markets, and the company does not disclose its particular share of the United States market or which portion of those sales it directs to New York, if any. Chaplin also argues that sales by Kido's allegedly wholly-owned subsidiary, Scorpion Sports, to sixty-six in-state dealers sufficiently connects Kido to New York. Pl.'s Mem. in Opp'n 5. Notwithstanding the court's grave doubts over the relationship between Kido and Scorpion Sports,[2] Plaintiff's claim fails as a legal matter, as the mere presence of a subsidiary in New York does not elevate the parent corporation's contacts with the state to the requisite level.[3] *Moreau v. RPM, Inc.*, 20 A.D.3d 456, 457, 799 N.Y.S.2d

---

[2] Two documents – a business entity detail from the California Secretary of State and a credit report – confirm that Scorpion Sports maintains its own finances, accounting, board of directors, corporate officers, and power over its daily decisions. *See generally* Kim Decl. Ex. B. The credit report also makes clear that the officers of Scorpion Sports own all of the company's capital stock, Kim Decl. Ex. B, thus preventing another corporation from identifying Scorpion Sports as its subsidiary. *See Black's Law Dictionary* 394 (9th ed. 2009) (defining "subsidiary corporation" as an entity "in which a parent corporation has a controlling share").

[3] Notably, Plaintiff presumes that the court maintains personal jurisdiction over Scorpion Sports, but does not present any evidence in support of that position. Plaintiff also fails to discuss, let alone affirmatively prove, that Scorpion Sports acts as an "agent" or a "mere department" of Kido, a condition precedent for a New York court to possess personal jurisdiction

113, 114 (N.Y. App. Div. 2005) ("Mere ownership by a parent company of a subsidiary that is subject to personal jurisdiction is insufficient to establish jurisdiction over the parent." (citations omitted)). Finally, even if the facts exhibited a legally recognized subsidiary relationship between Kido and Scorpion Sports, relevant precedent teaches that a foreign parent corporation does not fall under the laws of the state simply because its subsidiary sells its product through a New York distributor. *Delagi v. Volkswagenwerk A.G.*, 29 N.Y.2d 426, 433, 278 N.E.2d 895, 898 (N.Y. 1972); *accord Jazini*, 148 F.3d at 184; *Gallelli v. Crown Imps., LLC*, 701 F. Supp. 2d 263, 272 (E.D.N.Y. 2010). The facts do not establish that Kido has offices, property, or a presence in New York and, thus, the court cannot assert personal jurisdiction through this statutory avenue.

With respect to Section 302(a)(3)(ii), Plaintiff does not offer any evidence demonstrating that Kido expected or should have expected its allegedly tortious act to have consequences in New York. Apart from re-emphasizing its purported relationship with Scorpion Sports, Chaplin notes that "Kido has sufficient reason to foresee that sales of its motorcycle products in the United States could result in a civil action here, and it is clear that the instant claim arises from Kido's sale of motorcycle clothing in the U.S. and New York." Pl.'s Mem. in Opp'n 5. Ignoring the lack of evidence supporting the subsidiary relationship or pointing to specific Kido sales to New York, Chaplin's assertion must fail, for the mere assertion that "a defendant foresaw the

---

over a parent corporation because of the actions of its subsidiary in the state. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) ("A parent corporation may be sued in New York when the relationship between the foreign parent and the local subsidiary validly suggests the existence of an agency relationship or the parent controls the subsidiary so completely that the subsidiary may be said to be simply a department of the parent.").

possibility that its product would find its way [into the forum]" will not establish the requisite in-state presence. *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 970, 564 N.Y.S.2d 865, 866 (N.Y. App. Div. 1991) (citing *Martinez v. American Std.*, 91 A.D.2d 652, 653-54, 457 N.Y.S.2d 97, 99 (N.Y. App. Div. 1982)) (explaining that "foreseeability must be coupled with evidence of a purposeful New York affiliation," such as "a discernible effort to directly or indirectly serve the New York market"). Plaintiff has offered no evidence that Kido registered to do business in New York, or that the company has property, bank accounts, offices, or employees located within the state's boundaries, and without more the court cannot assert personal jurisdiction over Kido. *See Martinez*, 91 A.D.2d at 653-54, 457 N.Y.S.2d at 99.

Finally, in light of Plaintiff's failure to meet his burden of proof, the court need not address whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment. *Savin*, 898 F.2d at 306. Moreover, because Plaintiff does not make a *prima facie* showing of the court's personal jurisdiction over Defendant, the court declines to allow jurisdictional discovery on that issue. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (upholding denial of jurisdictional discovery where plaintiff failed to present *prima facie* that district court had personal jurisdiction over defendant); *accord Jazini*, 148 F.3d at 186 (same); *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (same).

No. 10-CV-05711                                                                                           Page 8

## IV. Conclusion

Therefore, upon consideration of Defendant's Motion to Dismiss, Plaintiff's Memorandum of Law in Opposition, the applicable legal standards, and the relevant facts, the court hereby

**ORDERS** that Defendant's motion is **GRANTED**; and further

**ORDERS** that the case is **DISMISSED**.

Dated:  June 07, 2011
        New York, New York                                    Judith M. Barzilay, Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
MYRON C. CHAPLIN,                                     :
                                                      :
    Plaintiff,                                        :
                                                      :
    v.                                                : Before: **Judith M. Barzilay, Senior Judge**[*]
                                                      : No. 10-CV-05711
KIDO INDUSTRIAL CO., LTD.,                            :
                                                      :
    Defendant.                                        :
                                                      :
------------------------------------------------------x

## JUDGMENT

In light of the court's opinion in this case on June 07, 2011, and all other papers filed in this matter, the court hereby

**ORDERS** that Plaintiff's suit against Kido Industrial Co., Ltd. is **DISMISSED** for lack of personal jurisdiction.

Dated: June 07, 2011
New York, New York

/s/ Judith M. Barzilay
Judith M. Barzilay, Judge

---

[*] The Honorable Judith M. Barzilay, Senior Judge, United States Court of International Trade, sitting by designation.